IN THE MATTER OF LOUIS J. VENEZIO, AN ATTORNEY
AND COUNSELLOR-AT-LAW OF NEW JERSEY.

Argued December 1, 1958—Decided January 19, 1959.

*Mr. Frederick C. Vonhof* for the order.

*Mr. Frank B. Bozza* for the respondent.

PER CURIAM. ▆ The Ethics and Grievance Committee of Essex County filed a presentment charging Louis J. Venezio, an attorney and counsellor-at-law of this State, with permitting his professional services, and his name, to be used in aid of, and to make possible the unauthorized practice of law by one Philip Mitchell, a disbarred lawyer. Mitchell was disbarred in 1950. 5 *N. J.* 613. Proof of such charge would establish a violation of *Canon* 47 of the *Canons of Professional Ethics* which provides:

"No lawyer shall permit his professional services, or his name, to be used in aid of, or to make possible, the unauthorized practice of law by any lay agency, personal or corporate."

The preferment of the charge against respondent stems from an inquiry on January 30, 1958, by the aforesaid committee into the unauthorized practice of law by Mitchell. ▆ Our examination of the record leads us to believe that respondent's dealings and association with Mitchell are open to grave suspicion and were highly indiscreet. However, we are not convinced that he willfully and knowingly assisted a disbarred lawyer in the practice of law. ▆▆ The respondent admitted that he authorized Mitchell to sign respondent's name to a pleading which respondent had prepared but had failed to sign. This was a clear violation of *R. R.* 4:11 which requires that every pleading be signed by the attorney of record and that the signature

of an attorney constitutes a certificate by him that he has read the pleading and that to the best of his knowledge, information and belief there is good ground to support it. An attorney's obligation under this rule should not be delegated, least of all to a disbarred lawyer. The rule expressly provides that an attorney who willfully violates its terms may be subjected to disciplinary action. We conclude that respondent's breach of this rule requires that he be reprimanded.

*Guilty and for reprimand*—Chief Justice WEINTRAUB, and Justices HEHER, BURLING, JACOBS, FRANCIS and PROCTOR—6.

*Not guilty*—Justice WACHENFELD—1.